IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

**AMETHA CHERIE BROADWATER,**
Individually and as Administrator of the
Estate of Jaylssa Yvonne Broadwater

and                                    Civil Action No.: 1:17-cv-25-JPJ-PMS

**FREDERICK C. BROADWATER**

Plaintiffs,

v.

**MAXIM HEALTHCARE SERVICES, INC.,**

Defendant.

## Petition to Approve Compromise Settlement

Defendant, Maxim Healthcare Services, Inc. ("Maxim"), by counsel and pursuant to Virginia Code Sections 8.01-55 and 8.01-424, petitions this Court to approve a compromise settlement of all claims against Maxim relating to the death of Jalyssa Broadwater, Deceased arising under and by virtue of Virginia Code Section 8.01-50. In support of this Petition, Maxim states as follows:

1. This action involves claims against Maxim for alleged medical malpractice arising out of home nursing care services provided to Jalyssa Broadwater, Deceased on December 17, 2015.

2. Jalyssa Broadwater died on December 18, 2016. On March 21, 2016, the Bristol Circuit Court appointed Ametha Cherie Broadwater, as co-Administrator of the Estate of Jalyssa Broadwater, Deceased.

3. On May 24, 2017, Ametha Cherie Broadwater, individually and as co-Administrator of the Estate, and Frederick Broadwater, individually (collectively with Ametha Cherie Broadwater, the "Plaintiffs"), filed the pending litigation alleging that Maxim's negligence proximately caused the death of Jalyssa Broadwater, Deceased.

4. Maxim denies any and all negligence alleged by the Plaintiffs.

5. Maxim, however, realizing the uncertainties of litigation, has agreed upon a confidential compromise settlement to resolve these claims.

6. Plaintiffs have continuously been represented by counsel in this litigation and negotiated this settlement in good faith with Maxim.

7. The Plaintiffs will be responsible for satisfying and all outstanding liens including, but not limited to, amounts owed to Medicare or Medicaid. Plaintiff's counsel will be responsible for making all distributions to satisfy outstanding liens from the proceeds of the settlement.

8. As part of this compromise settlement, Plaintiffs have released and forever discharged Maxim from any claim which they have or may have individually or as Administrator of the Estate.

9. Maxim requests that the Court approve this settlement and release Maxim and its representatives from any all liability resulting from the diagnosis, care, and/or treatment provided to Jalyssa Broadwater, Deceased by Maxim, at any time, the death of Jalyssa Broadwater, Deceased, and/or the aforesaid claims and injuries claimed in this litigation.

WHEREFORE, Maxim Healthcare Services, Inc. respectfully asks this Court to ratify and approve the compromise settlement.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2017, I electronically filed the forgoing **Petition to Approve Compromise Settlement** with the Clerk of the Court using the CM/EMC system, which will send a notification of such filing (NEF) to the following:

W. Charles Meltmar, Esquire
THE COCHRAN FIRM
West Tower, Ste. 340
1100 New York Avenue, N.W.
Washington, DC 20005
*Counsel for Plaintiff*

/s/
Justin W. Ward (#48893)
Margaret F. Hardy (#38555)
SANDS ANDERSON PC
1111 E. Main Street, Suite #2400
Richmond, VA 23219-0003
(804) 648-1636 (telephone)
(804) 783-7291 (fax)
mhardy@sandsanderson.com
jward@sandsanderson.com
*Counsel for Defendant*